**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| THERESA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-195 SRW |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Theresa Miller's Petition for Award of Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 29. On November 23, 2020, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Five Thousand and Eighty-One Dollars and Eleven Cents ($5,081.11). This amount is based on multiplying 24.55 hours of attorney time by a rate of $206.97 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $206.97. Plaintiff requests the Court make the fee payable to her attorney, Kristen N. Van Fossan, as assignee.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney fees under EAJA in the amount of $5,081.11 to be paid by the Social Security Administration. ECF No. 31. The Commissioner, however, asserts that the EAJA fee must be "payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id.* at 1.

The Court has reviewed Plaintiff's petition for an award of fees under the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated November 23, 2020, this Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504, 505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. The Court agrees with Plaintiff that a cost of living increase is appropriate as requested.

Because Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds that she is entitled to attorney's fees in the amount of Five Thousand and Eighty-One Dollars and Eleven Cents ($5,081.11). Despite Plaintiff's request for the Court make the fee payable directly to Plaintiff's attorney, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-

2

existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff.")

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff Theresa Miller's Petition for Award of Attorney Fees [ECF No. 29] is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Five Thousand and Eighty-One Dollars and Eleven Cents ($5,081.11).

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff Theresa Miller.

So Ordered this 1st day of March, 2021.

*/s/ Stephen R. Weby*
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**

3